MH

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Pianka,<br><br>              Petitioner,<br>v.<br>Charles DeRosa, et al.,<br><br>              Respondents. | No. CV 14-2720-PHX-DGC (MHB)<br><br>**ORDER** |

      On December 18, 2014, Petitioner Victor Pianka, who is confined in the Eloy Detention Center, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On January 26, 2015, he paid the required $5.00 filing fee. In an Order filed March 17, 2015, the Court dismissed the Petition with leave to amend so Petitioner could allege facts to show that he was still in custody when his Petition was filed.

      On April 16, 2015, Petitioner filed a Motion for Disqualification and En Banc Review (Doc. 7), a Motion for Injunctive Relief (Doc. 9), an Amended Petition (Doc. 10), and a Motion to Designate the Amended Petition a Writ of Audita Querela or Coram Nobis (Doc. 11). The Court will deny Petitioner's Motion for Disqualification and En Banc Review. The Court will also deny the Motion to Designate the Amended Petition a Writ of Audita Querela or Coram Nobis. Petitioner's Amended Petition will be dismissed, along with this action, and his Motion for Injunctive Relief will be denied as moot.

. . . .

### I. Motion for Disqualification or En Banc Review

Petitioner has filed a Motion seeking to "disqualify Judge Campbell, Judge Snow, and Magistrate Burns" pursuant to 28 U.S.C. § 455. Section 455(a) provides that a United States judge or magistrate judge "shall disqualify" him or herself in any proceeding in which his or her "impartiality might reasonably be questioned." Section 455(b)(1) provides that a judge must also disqualify him or herself if he or she "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]"

Recusal pursuant to § 455(b) is required only if the bias or prejudice stems from an extra-judicial source, not from conduct or rulings during the course of the proceedings. *See Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1046 (9th Cir. 1987), *aff'd*, 496 U.S. 543 (1990); *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (judge's prior adverse rulings are insufficient cause for recusal). "[J]udicial rulings alone almost never constitute [a] valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Further, where the judge forms opinions in the courtroom, either in the current proceeding or in a prior proceeding, these opinions "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*.

Petitioner fails to set forth a legitimate basis for recusal under § 455. In his Motion, Petitioner recounts several adverse rulings he received in connection with other proceedings in this District. He also recites a litany of fantastic allegations concerning interactions he purportedly had with members of the judiciary in this District. However, as noted above, adverse rulings are not a basis upon which the Court's impartiality might reasonably be questioned for purposes of § 455(a). And Petitioner's irrational allegations concerning prior interactions with members of the court do not provide a reasonable basis for questioning the impartiality of any of the Judges identified in his Motion. Accordingly, disqualification is not warranted.

In the alternative, Petitioner requests that "En Banc review . . . be taken in this case" – and in all other actions Petitioner has pending in this Court[1] – "to ensure that fair[,] constitutional judicial determinations are taken."  Neither the Federal Rules of Civil Procedure nor the Local Rules of this court provide for the "en banc" review that Petitioner seeks.  And even if such relief were available to Petitioner, as noted above, he has no valid basis for questioning the impartiality of this Court.  Accordingly, Petitioner's Motion for Disqualification and Motion for En Banc Review will be denied in its entirety.

**II.     Motion to Designate as Writ of Audita Querela or Error Coram Nobis**

The common law writs of audita querela and coram nobis can be used to "fill in the gaps" in post-conviction remedies.  *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001).  As discussed below, however, neither form of relief is available here.  Accordingly, Petitioner's Motion to Designate the Amended Petition a Writ of Audita Querela or Coram Nobis will be denied.

**A.     Writ of Error Coram Nobis**

The Ninth Circuit Court of Appeals explained the scope and nature of the federal writ of error coram nobis in *Telink, Inc. v. United States*, 24 F.3d 42 (9th Cir. 1994):

> The writ of error coram nobis affords a remedy to attack an unconstitutional or unlawful conviction in cases when the petitioner already has fully served a sentence.  The petition fills a very precise gap in federal criminal procedure.  A convicted defendant in federal custody may petition to have a sentence or conviction vacated, set aside or corrected under the federal habeas corpus statute, 28 U.S.C. § 2255.  However, if the sentence has been served, there is no statutory basis to remedy the "lingering collateral consequences" of the unlawful conviction.  Recognizing this statutory gap, the Supreme Court has held that the common law petition for writ of error coram nobis is available in such situations, even though the procedure authorizing the issuance

---

[1] This order pertains only to 14-2720-PHX-DGC (MHB).  To the extent Petitioner is seeking relief in another action before this Court, he must file a motion therein.

- 3 -

of the writ was abolished for civil cases by Fed. R. Civ. P. 60(b).

*Id.* at 45 (internal citations omitted). In *Telink*, the Ninth Circuit emphasized that "a petition for the writ of error coram nobis is a step in the original criminal proceedings, not the beginning of a separate civil action." *Id.* at 46.

Because a petition for writ of error coram nobis is a step in the original criminal proceeding, it may only be maintained in federal court to challenge a federal conviction. This Court may not entertain a writ of error coram nobis to challenge a state criminal conviction because the federal district courts have no direct authority or jurisdiction over original state criminal proceedings and, therefore, cannot take "steps" in furtherance of those proceedings. *See Finkelstein v. Spitzer*, 455 F.3d 131, 134 (2d Cir. 2006) (a district court "lacks jurisdiction to grant [a writ of coram nobis] with respect to a judgment of a state court"); *Obado v. New Jersey*, 328 F.3d 716, 718 (3rd Cir. 2003) ("*coram nobis* is not available in a federal court as a means of attack on a state criminal judgment"); *Sinclair v. Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982) ("It is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments." (internal quotation marks omitted)); *Booker v. Arkansas*, 380 F.2d 240, 244 (8th Cir. 1967) ("Relief by the writ . . . is available, if at all, only in the court which rendered the judgment under attack."), *abrogated on other grounds by Braden v. 30th Jud. Circuit Ct. of Kentucky*, 410 U.S. 484 (1973); *Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir. 1964) ("Error coram nobis ... cannot issue under the instant proceeding . . . for the judgments are not in the court which Thomas has petitioned."); *Rivenburgh v. Utah*, 299 F.2d 842, 843 (10th Cir. 1962) ("[U]se of the writ is limited by tradition and rule . . . and cannot be used as a . . . collateral writ of error between state and federal jurisdictions"). Thus, even if Court were to designate the Amended Petition a petition for writ of coram nobis, it would lack jurisdiction to grant relief.

. . . .

. . . .

- 4 -

### B. Writ of Audita Querela

"At common law," the writ of audita querela "was available only to relieve a judgment debtor where a legal defense or discharge arose subsequent to the judgment." *Doe v. Immigration and Naturalization Servs.*, 120 F.3d 200, 203 (9th Cir. 1997). To the extent it survives, the writ of audita querela is only available to a Petitioner who alleges that a legal defect in his conviction or sentence arose after judgment was entered. *Id.*

Petitioner has not alleged that a legal defense to his 2012 conviction or sentence for possession of drug paraphernalia in Maricopa County Superior Court, case #CR2011-160573, arose after judgment was entered in that case. Accordingly, the writ of audita querela does not provide Petitioner an avenue for relief. *See Doe*, 120 F.3d 200, 203 (9th Cir. 1997); *see also United States v. Crowell*, 374 F.3d 790, 795 (9th Cir. 2004) ("Whereas coram nobis could attach to a judgment that was infirm at the time it was rendered (for reasons that later came to light), audita querela attached to a judgment that was correct when rendered, but was later rendered infirm by events that occurred after the judgment."); *United States v. Bravo-Diaz*, 312 F.3d 995, 997 (9th Cir. 2002) (affirming denial of writ of audita querela where "there were no allegations of a legal defense . . . having arisen since [petitioner's] conviction"). Petitioner's motion to designate the Amended Petition a Writ of Audita Querela will be denied.

### III. Amended Petition

As the Court noted in its March 17, 2015 Order, federal habeas relief under § 2254 is available "only on the ground that [an inmate] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The United States Supreme Court has interpreted "the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed," though he need not be physically confined to challenge a sentence on habeas corpus. *Maleng v. Cook*, 490 U.S. 488, 491 (1989). The Supreme Court has interpreted the phrase 'in custody' to include both physical detention and "other restraints on a man's liberty, restraints not shared by the public generally." *Jones v. Cunningham*,

371 U.S. 236, 240 (1963) (parolee was "in custody" for purposes of § 2241 where parole order confined him to particular community, house, and job; required periodic reporting; and permitted parole officer to visit his home and job at any time); *see also Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973 (convict released on his own recognizance pending execution of sentence is "in custody") *Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005) (petitioner was "in custody" while he remained subject to probation at the time he filed his habeas petition); *but see Henry v. Lungren*, 164 F.3d 1240 (9th Cir. 1999) (sex offender registration requirement is merely a collateral consequence of conviction that does not, in itself, satisfy "in custody" requirement).  "Once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998) (citing *Maleng*, 490 U.S. at 492).

In his Amended Petition, Petitioner challenges a 2012 state court conviction that resulted in a sentence of 18 months' probation.  Petitioner does not allege that he was serving a sentence for the 2012 conviction when he commenced this case on December 18, 2014.  Indeed, court records available online[2] indicate that Petitioner's probation was terminated on January 18, 2014.  Because Petitioner was not "in custody" for purposes of § 2254, this Court lacks jurisdiction over the Amended Petition and it will be dismissed, along with this action.

**IT IS ORDERED:**

(1) Petitioner's Motion for Disqualification and En Banc Review (Doc. 7) is **denied**.

(2) Petitioner's Motion to Designate the Amended Petition a Writ of Audita Querela or Coram Nobis (Doc. 11) is **denied**.

(3) Petitioner's Motion for Injunctive Relief (Doc. 9) is **denied as moot**.

---

[2]*See* http://www.courtminutes.maricopa.gov/docs/Criminal/012014/m6120224.pdf (last visited May 27, 2015).

(4) Petitioner's Amended Petition (Doc. 10) is **dismissed without prejudice**.

(5) The Clerk of Court must enter judgment accordingly and close this case.

(6) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 9th day of June, 2015.

*David G. Campbell*
United States District Judge